THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MASSARO, Appellant.— Judgment of the County Court, Kings County, convicting defendant of the crime of seduction, unanimously affirmed. No opinion. Present— Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

QUEENS VILLAGE MOTORS, INC., Appellant, v. CHEVROLET MOTORS DIVISION GENERAL MOTOR SALES CORPORATION, Respondent.— Order striking out the plaintiff's second cause of action and permitting the service of a further amended complaint upon terms affirmed, with ten dollars costs and disbursements. No opinion. Plaintiff's time to serve the amended complaint is extended until ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MARJORIE M. SANDERSON, Respondent, v. BARNEY EPSTEIN, Defendant, and ABE CHULEW, Doing Business under the Firm Name and Style of CHULEW MOTOR SALES, Appellant. EVA GERSON, Plaintiff, v. MARJORIE M. SANDERSON, Defendant. BARTON LINTON, Plaintiff, v. MARJORIE M. SANDERSON, Defendant. — In an action to recover damages for personal injuries resulting from the collision of two automobiles, respondent recovered judgment against the owner of one of the automobiles, one Barney Epstein, and the appellant, a garageman, at whose garage the car was left for repairs. Judgment of the County Court of Westchester County, in so far as appealed from, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The court charged as a matter of law that defendant Epstein was the owner of the car. No exception was taken and the charge thus became the law of the case. Prior to the accident, the repairs to the car, in so far as the appellant had facilities to make them, had been completed. The appellant had contracted with one Linton, as an independent contractor, to repair the fenders, remove certain dents in the body and repaint the car where necessary. While the car was being driven by Linton to his place of business, the accident occurred solely by reason of his negligence. Under these facts the appellant may not be held liable for the negligence of Linton. (*Irwin* v. *Klein*, 271 N. Y. 477.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.