■ VERA WILSON, Respondent-Appellant, v. MORTON WILLIAMS et al., Respondents, and JEROME PEEPLES et al., Appellants. WILLIAM BARBER, Respondent, v. NATIONAL SERVICE CENTER, Appellant. (Action No. 1.) MORTON WILLIAMS, Respondent, v. WILLIAM BARBER et al., Appellants-Respondents, and JEROME PEEPLES, Appellant. (Action No. 2.) — In these consolidated negligence actions to recover damages for personal injuries arising from a collision of two automobiles, defendants Peeples, Barber and National Service Center and plaintiff Wilson variously appeal from a judgment of the Supreme Court, Queens County, entered December 10, 1970, upon a jury verdict (1) of $53,325 for plaintiff Wilson against defendants Peeples and Barber, (2) of $2,167.75 for plaintiff Williams against all said defendants, (3) for defendant Barber upon his cross complaints against defendants Peeples and National and (4) for defendant National upon its cross complaints against defendant Peeples. Judgment modified, on the law and the facts, by (1) striking from the third, fourth and fifth decretal paragraphs thereof the words " and National Service Center ", (2) striking therefrom the sixth and seventh decretal paragraphs, and (3) adding a provision that plaintiff Williams' complaint as against defendant National Service Center, and defendant Barber's cross complaints as against said defendant, be dismissed. As so modified, judgment affirmed, with (a) costs to plaintiff Wilson against defendants Barber and Peeples, (b) costs to defendant National against plaintiff Williams and defendant Barber jointly, (c) costs to plaintiff Williams against defendants Barber and Peeples jointly and (d) costs jointly to defendants Williams and Wiggs against plaintiff

Wilson. Peeples, as the operator of the automobile that caused the accident, and Barber as the owner thereof, are liable to plaintiffs for their injuries sustained in the accident. Sufficient proof was adduced at the trial to justify the jury's verdict against Barber. The verdict indicates the jury's finding that Barber prior to the accident had impliedly, if not expressly, authorized Peeples to drive his autobmobile in connection with the services to be rendered by Peeples in repairing it. As far as National is concerned, in our opinion, since (a) it had no ownership interest in Barber's automobile, (b) it impliedly, if not expressly, had been authorized by Barber and his representative to deliver Barber's automobile to Peeples as an independent contractor to do repair work thereon, and (c) Peeples was not National's employee or under its control when he negligently drove Barber's automobile and caused the accident, National is not liable therefor (cf. *Irwin* v. *Klein*, 271 N. Y. 477, 487; *Sanderson* v. *Epstein*, 262 App. Div. 1028). Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.